UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE BROOKS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>Y.Y.G.M. SA d/b/a BRANDY MELVILLE, a Swiss Corporation, et. Al.<br><br>        Defendants. | No. 2:21-cv-00078-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Valerie Brooks ("Plaintiff" or "Brooks") sued Y.Y.G.M. SA doing business as Brandy Melville ("Defendant" or "YYGM"), a Swiss corporation, alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. See Compl., ECF No. 1.

    Defendant moves to dismiss Plaintiff's ADA and Unruh claims for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Mot. to Dismiss ("Mot."), ECF No. 9. Plaintiff opposes the motion. See Opp'n, ECF No. 11. Defendants replied. See Reply, ECF No. 13. For the reasons set

forth below, the Court GRANTS Defendant's motion to dismiss.[1]

I. FACTUAL ALLEGATIONS

Brooks is visually impaired and legally blind. Compl. ¶ 1. To access content on the internet, Brooks uses an assistive screen-reading software, which reads website text aloud for her. Id. The screen-reading software works on text-based content. Id. ¶ 18. Websites that contain non-text elements, such as images, will sometimes pose "significant access barriers to blind and visually impaired persons." Id. ¶¶ 23, 28. In 2021, Brooks visited "https://us.brandymelville.com/" ("Website"), which "provides consumers access to a European clothing and fashion accessory brand." Id. ¶¶ 5, 29. While navigating the Website, Brooks encountered "multiple accessibility barriers" such as a lack of alternative text for images, empty links, and redundant links. Id. ¶ 28. Brooks alleges that these barriers "denied [her] full and equal access to Defendant's website," which in turn deterred her "from visiting Defendant's physical locations," in violation of the ADA and Unruh Act. Id. ¶¶ 30, 32. Brooks seeks injunctive relief, statutory damages, and certification of a nationwide class. Id. ¶ 68.

II. OPINION

A. Judicial Notice

Federal Rule of Evidence 201 allows the Court to notice a fact if it is "not subject to reasonable dispute," such that it is "generally known" or "can be accurately and readily

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for September 14, 2021.

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court may take judicial notice of court records, including "opinions, complaints, briefs, and evidence filed in other actions." BP W. Coast Prod. LLC v. Greene, 318 F.Supp.2d 987, 994 (E.D. Cal. 2004). However, a court "may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in the cause then before it." See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983).

Plaintiff asks the Court to take judicial notice of a complaint that Defendant filed against Redbubble Inc. in the Central District of California. See Pl.'s Req. for Judicial Notice ("RJN") at 1, ECF No. 12.  A complaint is a court record, and therefore an appropriate document for judicial notice. BP W. Coast Prod. LLC, 318 F.Supp.2d at 994.  However, the same cannot be said for its contents, as "it is well settled that allegations in pleadings are not evidence." Juniper Networks Inc., v. SSL Services, LLC, No. C08-5758 SBA, 2009 WL 3837266, at *3 (N.D. Cal. Nov 16, 2009).  For these reasons, the Court takes notice of the fact that Defendant filed a complaint in the Central District of California, but the Court declines to take notice of any allegations contained within the complaint for the truth of the facts asserted.

Plaintiff also requests the Court take judicial notice of relevant pages of Defendant's Website, submitted as Exhibit B. RJN at 1.  Websites and their contents are proper subjects for

3

1  judicial notice.  Threshold Enterprises Ltd. v. Pressed Juicery,
2  Inc., 445 F.Supp.3d 139, 146 (N.D. Cal. 2020).  Thus, the Court
3  grants Plaintiff's request for judicial notice of Exhibit B.
4       B.   Personal Jurisdiction
5           1.   Legal Standard
6       Defendant moves to dismiss Plaintiff's complaint for lack
7  of personal jurisdiction under Federal Rule of Civil
8  Procedure 12(b)(2).  Mot. at 9.  To defeat a Rule 12(b)(2)
9  motion, the plaintiff must make a prima facie showing of
10 jurisdictional facts sufficient to establish that jurisdiction
11 is proper.  Mavrix Photo, Inc. v. Brand Tech., Inc. 647 F.3d
12 1218, 1223 (9th Cir. 2011).  Here, where there is no applicable
13 federal statute governing personal jurisdiction, the Court
14 applies the law of California.  Id.  Because California's long-
15 arm statute is coextensive with federal due process
16 requirements, the jurisdictional analysis under state law and
17 federal due process are the same.  Id. (citing Cal. Civ. Proc.
18 Code § 410.10).  For this Court to exercise personal
19 jurisdiction consistent with due process, the defendant must
20 have "minimum contacts" with this forum "such that the
21 maintenance of the suit does not offend 'traditional notions of
22 fair play and substantial justice.'"  Int'l Shoe Co. v.
23 Washington, 326 U.S. 310, 316 (1945) (internal citations
24 omitted).  A court may exercise either general or specific
25 jurisdiction over a defendant.  Goodyear Dunlop Tires
26 Operations, S.A. v. Brown, 564 U.S. 915, 919-20 (2011).
27 ///
28 ///

2. General Jurisdiction Analysis

A court has general jurisdiction over a party whose "continuous operations within a state [are] so substantial and of such a nature as to justify a suit against it on causes of action arising from dealings entirely distinct from those activities." Int'l Shoe Co., 326 U.S. at 318. This is a very exacting standard that requires Defendant's activities in California be "so continuous and systematic as to render [it] essentially at home" in the state. Goodyear Dunlop Tires, 564 U.S. at 919. Generally, a corporate defendant is "at home" in California in three situations: (1) It is incorporated in the state, (2) it has its principal place of business in the state, or (3) it has "continuous and systematic contacts" with the state. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).

Defendant argues that it is not subject to general jurisdiction in California. Defendant is neither incorporated nor does it have its principal place of business in California. Mot. at 11; see also Decl. of Francesco Fabiani ¶ 2, ECF No. 9-1. Further, Defendant alleges it has "no contacts with California." Mot. at 7. Plaintiff does not respond to Defendant's argument in her opposition. She states only that her "[[o]pposition is premised upon the assertion of specific personal jurisdiction." Opp'n at 5 (emphasis added). Because Plaintiff does not oppose Defendant's argument that the Court lacks general jurisdiction, Plaintiff waives this argument. See Resnick v. Hyundai Motor America, Inc., No. CV 16-00593-BRO (PJWx), 2017 WL 1531192 at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss

5

constitutes waiver of that argument"). Accordingly, the Court does not find general jurisdiction exists over Defendant.

### 3. Specific Jurisdiction Analysis

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Goodyear Dunlop Tires, 564 U.S. at 919. The Ninth Circuit uses a three-prong test for analyzing claims of specific jurisdiction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). First, the nonresident defendant "must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." Id. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." Id. And finally, "the exercise of jurisdiction must comport with fair place and substantial justice such that it is reasonable." Id. The plaintiff bears the burden of satisfying the first two prongs of the test. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either, then personal jurisdiction is not established, and the suit must be dismissed. Schwarzenegger, 374 F.3d at 802.

The first prong covers two distinct concepts. A purposeful availment analysis most often applies to suits sounding in contract. See, e.g., Doe v. Unocal Corp., 248 F.3d 915, 924

6

(9th Cir. 2001). Meanwhile, purposeful direction analysis applies in suits sounding in tort. See, e.g., Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Both parties assert and the Court agrees that the purposeful direction test applies here. Mot. at 13; Opp'n at 6.

Under purposeful direction analysis, the Ninth Circuit deploys the three-part test from Calder. Schwarzenegger, 374 F.3d at 803, (citing Calder v. Jones, 465 U.S. 783 (1984)). This test requires that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food, 303 F.3d at 1111 (internal citations omitted). As noted, Plaintiff has the burden to prove purposeful direction. Sher, 911 F.2d at 1361.

Plaintiff makes two arguments for why the Calder test is satisfied. Opp'n at 6-7. First, Plaintiff argues that Defendant intentionally directed its activities towards California through its Website by "advertis[ing] on the website . . . and specifically includ[ing] a drop-down menu option: 'For CA Residents.'" Ex. B to Opp'n. The webpage referred to and submitted as Exhibit B provides notices about personal information to California residents as required by the California Consumer Privacy Act. Id. Before the Court considers whether the webpage supports Plaintiff's contention that Defendant directed its activities towards California, the Court notes a fatal stumbling block for Plaintiff's analysis: It is unclear whether Defendant owns or operates the Website.

Defendant claims it "does not own, maintain, nor operate

7

1  the website, and has no control over whether it is accessible to
2  the visually impaired." Mot. at 14; Fabiani Decl. ¶ 5.
3  Plaintiff challenges this claim but erroneously relies on the
4  contents of Defendant's prior pleading in a different case to
5  support its challenge. As noted above, the Court cannot treat
6  the contents of Defendant's prior pleading for the truth of the
7  matters asserted. Further, where Defendant has submitted an
8  affidavit to contradict the allegations laid out in the
9  Plaintiff's complaint, the Court "may not assume the truth of
10 [the] allegations." Data Disc, Inc. v. Systems Technology
11 Associates, Inc., 557 F.2d 1280, 1284 (9th Cir. 1977). The
12 "mere allegations of the complaint, when contradicted by
13 affidavits, are [not] enough to confer personal jurisdiction of
14 a nonresident defendant." Taylor v. Portland Paramount Corp.,
15 383 F.2d 634 (9th Cir. 1967). Therefore, lacking more,
16 Plaintiff has not shown that Defendant owns or operates the
17 Website. As a result, Plaintiff fails to show that Defendant
18 directed its activities toward California.
19     Plaintiff's second argument also relies on Defendant's
20 prior complaint. This time, it is not the contents, but the
21 mere fact that Defendant filed the complaint. Plaintiff argues,
22 "Defendant cannot expect to gain the advantage to litigate in CA
23 when convenient to them, but not hold itself liable when it's
24 inconvenient. They cannot have it both ways." Opp'n at 1.
25 Plaintiff does not cite any caselaw standing for the proposition
26 that the mere act of filing a complaint can support a finding of
27 specific personal jurisdiction in an unrelated case. However,
28 there is caselaw suggesting the contrary. See Ibrani v. Mabetex

Project Eng'g, No. 3:00-cv-00107, 2002 WL 1226848, at *20 (N.D. Cal. Jun 3, 2002) (explaining "the fact that one defendant . . . filed a lawsuit here six years ago does not make it reasonable today to require defendants to defend a lawsuit here that has no significant nexus to California"). For this reason, the Court finds that Defendant's prior complaint does not support a finding that Defendant purposefully directed its actions towards California such that specific jurisdiction is appropriate.

Because Plaintiff has not met her burden on the first prong of the three-part specific jurisdiction test, the Court ends its inquiry and does not consider the remaining prongs. Accordingly, the Court dismisses this action without prejudice for lack of personal jurisdiction. Grigsby v. CMI Corp., 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (noting that dismissals for lack of personal jurisdiction are to be without prejudice).

### III. ORDER

For the reasons set forth above, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claims under the ADA and Unruh Civil Rights Act. If Plaintiff elects to amend her complaint with respect to these claims, she must do so within twenty (20) days of this Order. Defendant's responsive pleading is due twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: November 22, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE